UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PORTFOLIO RECOVERY ASSOCIATES, LLC, TELEPHONE CONSUMER PROTECTION ACT LITIGATION | Case No.: 11md02295 JAH - BGS<br><br>Member cases:<br>   All member cases<br><br>**ORDER DENYING APPLICATION TO CONDUCT DISCOVERY**<br>**[Doc. No. 813]** |

## INTRODUCTION

On May 27, 2021, this Court granted Plaintiffs' motion seeking to reopen discovery for the limited purpose of conducting discovery from a representative of Avaya and showing that the Avaya Predictive Dialer used by Defendant meets the requirements of an automatic telephone dialing system ("ATDS") as explained in *Facebook, Inc. v. Duguid*, 141 S.Ct. 1163 (2021). The Court granted the motion and directed Plaintiffs to complete the limited discovery on or before July 26, 2021.[1] Following the Court's order, Plaintiffs sent written discovery to Defendant and Avaya Technologies. In response, Defendant filed

---

[1] Plaintiffs indicated the discovery they sought in this matter was the same discovery the district court granted in *Bell v. Portfolio Recovery Services, LLC,* a related action in the Western District of Texas.

a motion to quash which was set for hearing before the Honorable Bernard G. Skomal, United States Magistrate Judge. Shortly, thereafter, Plaintiffs filed a motion to conduct discovery before this Court in which they sought an order permitting discovery from Defendant and maintains the Avaya software is connected to Defendant's PRANet database. Finding the issues overlapped with those pending before Judge Skomal, this Court denied the motion without prejudice to filing the motion after Judge Skomal's ruling on the motion to quash. On July 23, 2021, Judge Skomal denied the motion to quash.[2]

On July 26, 2021, Plaintiffs filed a renewed motion to conduct discovery, seeking an order permitting discovery from Defendant and 120 days to complete all discovery. Defendant filed an opposition to the motion on August 11, 2021, and Plaintiffs filed a reply on August 17, 2021. Defendant filed a notice of supplemental authority in support of its opposition and Plaintiffs filed a response. Defendant filed additional notices of supplemental authority thereafter.

## DISCUSSION

In the pending motion, Plaintiffs seek an order allowing additional discovery of Defendant's source code, allowing them to depose Defendant's representative after it responds to the written discovery request, allowing the parties to retain additional experts if necessary, allowing 120 days to complete discovery, and continued abatement of the motions for summary judgment. They argue good cause exists to permit discovery from Defendant because they believe Defendant's PRANet, the Avaya software/dialer and the Asimut Technologies software combine to make an ATDS as defined by the Supreme Court in *Facebook* and a consultant hired by Plaintiffs explained how the system used by Defendant could use a random or sequential generator. Plaintiffs' consultant attests it is necessary to review Defendant's source code to conduct a complete analysis of the dialing

---

[2] Third party Avaya filed a motion to quash which is currently pending before Judge Skomal. The subpoena at issue in the motion before Judge Skomal does not involve the discovery Plaintiffs seek in the instant motion.

1  system and determine whether it is an ATDS as explained by the Supreme Court in footnote
2  7 of the *Facebook* decision.  Hollaar Decl. ¶¶ 5, 6, 11 (Doc. No. 813-3).

3       Defendant argues Plaintiffs are not entitled to an extension because they failed to
4  diligently pursue discovery and the request for additional discovery is not authorized.
5  Defendant also argues the request is futile because Plaintiffs' theory that footnote 7 in
6  *Facebook* created liability when any random or sequential number generator is used, even
7  though the statute was only intended to target random and sequential telephone numbers,
8  has been considered and rejected by multiple district courts.

9       In reply, Plaintiffs contend the Supreme Court made it clear, in *Facebook*, if a dialing
10  system uses a random or sequential number generator to store or produce telephone
11  numbers, it is an ATDS under the TCPA.  According to Plaintiffs, Defendant's system is
12  an ATDS if it uses a random or sequential number generator to either store the numbers or
13  store the numbers in a list and call them.  Plaintiffs further maintain they have been diligent
14  in seeking discovery.

15  **I. Futility**

16       Plaintiffs' application to reopen discovery and the instant application to conduct
17  discovery are based on their interpretation of footnote 7 of the *Facebook* decision.  They
18  maintain the Supreme Court explained that a device would qualify as an autodialer if it
19  used a random number generator to determine the order in which to pick phone numbers
20  from a preproduced list and stored the numbers to be dialed at a later time.  Defendant
21  maintains courts have rejected this theory, including, *Barry v. Ally Fin., Inc.*, 2021 WL
22  2936636 (E.D.Mich. July 13, 2021), *Hufnus v. DoNotPay, Inc.*, 2021 WL 2585488
23  (N.D.Cal. June 24, 2021), *Timms v. USAA Fed. Sav. Bank*, 2021 WL 2354931 (D.S.C. June
24  9, 2021), *Borden v. eFinancial, LLC*, 2021 WL 3602479 (W.D.Wash. August 13, 2021),
25  *Wilson v. Rater8*, LLC, 2021 WL 4865930 (S.D.Cal. Oct. 18, 2021) and *Gross v. GG*
26  *Homes, Inc.*, 2021 WL 4804464 (S.D.Cal. Oct. 14, 2021).  Defendant argues the district
27  courts in *Barry*, *Hufnus*, *Timms*, *Borden*, *Wilson* and *Gross* rejected Plaintiffs' theory by
28

determining randomly or sequentially generated numbers are required for liability under the act.

Plaintiffs suggest the cases cited by Defendant are distinguishable because they address how numbers are generated not how the numbers are stored. Plaintiffs maintain their requested discovery will uncover whether Defendant's calling system stores telephone numbers using a random or sequential generator and, as such, the discovery should be allowed.

Contrary to Plaintiff's suggestion, the cases cited by Defendant address more than how the numbers are generated. In *Barry*, the court rejected the plaintiff's argument that the defendant's system qualified as an ATDS if the defendant used a random number generator to determine the order in which it called the plaintiff's number. 2021 WL 2936636, * 6. The court noted the plaintiff relied on footnote 7 in suggesting the Supreme Court in *Facebook* raised the possibility that a system will qualify as an ATDS if it uses a random number generator to determine the order in which to pick phone numbers from a preproduced list. *Id*. Finding the Supreme Court addressed and rejected the plaintiff's argument in *Facebook* that the phrase "using a random or sequential number generator" modifies only "produce," and not "store" and explained, in the footnote, how an autodialer might both "produce" randomly or sequentially generated phone numbers and store them to be called later, the *Barry* court determined the stored "preproduced list" of phone numbers referenced in the footnote was itself created through a random or sequential number generator. *Id*.

The plaintiff in *Hufnus* alleged the defendant used a random and/or sequential generator to pull from a list of stored numbers to send targeted text messages and used a random and/or sequential generator to determine the sequence in which to send messages. 2021 WL 2585488, *1. Noting the system contacted phone numbers specifically provided by consumers during a registration process and not phone numbers identified in a random or sequential fashion, the court determined the platform did not qualify as an autodialer under the TCPA. 2021 WL 2585488, *2. Relying on footnote 7, the plaintiff argued the

defendant's platform qualified as an ATDS because it used a random number generator to determine the order in which to pick from the stored preproduced list of consumer phone numbers. The *Hufnus* court found the "preproduced list" of phone numbers referenced in the footnote was itself created through a random or sequential number generator. 2021 WL 2585488, *1. The court also found the plaintiff's reading of footnote 7 conflicts with the Supreme Court's holding and rationale in *Facebook* which explained the TCPA's definition of an autodialer concerns devices that allow companies to dial random or sequential blocks of telephone numbers automatically, not systems that randomly or sequentially dial numbers from a preproduced list that was created in a non-random, non-sequential way. *Id*.

The court in *Timms* rejected the plaintiff's similar argument that footnote 7 left open the possibility that a system that uses a random number generator to determine the order in which numbers are dialed from a stored list may qualify as an ATDS. 2021 WL 2354931, *5 - *7. The court specifically noted that footnote 7 follows the reference to 1988 equipment which used a number generator to store numbers to be called later and reasoned that the preproduced list referenced in footnote 7 is sequentially generated and stored. 2021 WL 2354931, *7.

The court in *Borden* also determined the preproduced list discussed in footnote 7 was created through the use of a random or sequential number generator. 2021 WL 3602479, *5. The court found the plaintiff relied on a selective reading of one line within footnote 7 that ignored the greater context of the footnote and opinion to support his argument that a system that uses a random number generator to determine the order in which to pick numbers from a preproduced list and then store them to be dialed at another time. *Id*. The cases from this district also recognize the use of an ATDS to support a claim under the TCPA require the numbers dialed be produced using a random or sequential number generator. *See Gross*, 2021 WL 4804464; *Wilson*, 2021 WL 4865930.

The cases cited by Defendant clearly discuss how the numbers dialed were generated as part of the larger discussion surrounding the plaintiffs' argument that a defendant's

1  system qualifies as an ATDS if it uses a random or sequential number generator to store
2  numbers from a preproduced list to be called at a later time or to determine what order to
3  call numbers from a preproduced list.  Here, Plaintiffs make the same argument in seeking
4  leave to conduct discovery.  They suggest the use of a random or sequential number
5  generator to store numbers that were not produced using a random or sequential number
6  generator is sufficient to support a claim under the TCPA.  Plaintiffs cite no cases
7  supporting their theory and this Court's own research found none.

8  The Court finds the decisions in the district court cases discussed above persuasive.
9  As noted by those courts, the context of the footnote on which Plaintiffs rely involves the
10 Supreme Court's discussion of how technology may both produce and store randomly
11 generated numbers in response to the plaintiffs' superfluity argument. [3] *Facebook*, 141
12 S.Ct. at 1172.  The discussion includes an example of 1988 technology provided by an
13 *amici curiae* brief filed by the Professional Association for Customer Engagement that
14 stored numbers to be dialed later.  *Id*.  The reference to the brief demonstrates the
15 "preproduced list" mentioned in the footnote is generated through the use of a random or
16 sequential number generator.  *Borden*, 2021 WL 3602479, *5; *Barry*, 2021 WL 2936636
17 *6; *Hufnus*, 2021 WL 2585488, *1; *Timms*, 2021 WL 2354931, *7.

18 The context of the opinion in *Facebook* also fails to support Plaintiffs' theory.  In
19 determining that the definition of an ATDS requires "a device [ ] have the capacity either
20 to store a telephone number using a random or sequential generator or to produce a
21 telephone number using a random or sequential number generator," the Supreme Court
22 found the prohibitions of the act "target[ed] a unique type of telemarketing equipment that
23 risks dialing emergency lines randomly or tying up all the sequentially numbered lines at
24 a single entity."  *Facebook*, 141 S.Ct. at 1171.  The definition of an autodialer does not

---

[3] The plaintiff in *Facebook* argued it made the most "sense" that the language "using a random or sequential number generator" only modified "produce" and not "store."

concern systems that randomly or sequentially store and dial numbers from a list that is generated in a non-random and non-sequential way.

Plaintiffs do not allege their numbers were generated from a list that was produced in a random or sequential way as they allege Plaintiffs are consumers from which Defendant attempted to collect debts through repeated phone calls and Defendant obtained Plaintiffs' numbers through the use of skip-tracing services. Amended Complaint ¶¶ 25, 37. The request to conduct discovery to support a rejected theory is futile. Accordingly, Plaintiffs fail to demonstrate good cause to support their application.

## II. Remaining Arguments

Because the Court finds Plaintiffs' request to conduct additional discovery is futile, it will not address the remaining arguments.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED Plaintiffs' application to conduct discovery is **DENIED**.

DATED:   November 9, 2021

_____
JOHN A. HOUSTON
United States District Judge